**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM H. DOURLAIN,**

                     **Plaintiff,**

v.

**INTERNAL REVENUE SERVICE,**

                     **Defendant.**
_____

5:05-CV-1174
(NAM/GJD)

**APPEARANCES:**

William H. Dourlain
Plaintiff *Pro se*

United States Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
For Defendants

**OF COUNSEL:**

Wendy J. Kisch,
Trial Attorney, Tax Division

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff filed the instant complaint pursuant to the Freedom of Information Act, ("FOIA"), 5 U.S.C. § 552, seeking an order directing defendant Internal Revenue Service to produce a copy of his tax return and assessment "Form 23C" for the 2002 tax year. Presently before the Court are the parties' motions for summary judgment.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise noted. On or about April 4, 2005, the IRS sent plaintiff a letter entitled "We Changed Your Account" stating that the IRS "changed your 2002 account to correct your income from wages, salaries, tips, etc.," and that plaintiff owed

$12,613.69 in taxes and penalties for the 2002 tax year. In a letter dated April 4, 2005, plaintiff submitted a FOIA request to the IRS for "a copy of my return or a return showing that I owe or am liable for any tax or penalty for the tax year 12-31-2002. It is clear from the letter dated 4-4-05 . . . the form in question is a 1040A tax form." Compl. Ex. 1. Plaintiff also requested a "copy of my assessment pursuant to 26 U.S.C. 6203 stating that I am liable for any tax for the tax year ending 12-31-2002. This should be Form 23C." *Id*.

In a letter dated May 3, 2005, the IRS acknowledged plaintiff's FOIA request and requested an extension of time to provide a response. Compl. Ex 2. Plaintiff "reluctantly" agreed to an extension. *Id*. In a letter dated May 27, 2005, the IRS provided plaintiff with a copy of his Individual Master File ("IMF") for the 2002 tax year and a document to aid in interpreting the IMF. Compl. Ex. 4. The government asserts that "[b]ecause plaintiff did not file a 2002 Federal income tax return, there is not a return signed by him for tax year 2002." Adrienne M. Mikolashek, an attorney in the Office of Chief Counsel, Disclosure and Privacy Law, Branch 2, IRS, avers that she obtained 8 pages of documents which could be disclosed to plaintiff, including the "Tax Calculation Summary" and "Explanation of Penalties and Interest" which "show the calculation of the income, deductions, exemptions, penalties, and interest for plaintiff for tax year 2002". Mikolashek Decl. ¶ 14. Mikolashek states that these documents "are the most responsive to a request for a return." *Id*. Mikolashek asserts that she provided these 8 pages to John Carroll, defense counsel, on April 19, 2006, and informed Mr. Carroll that "these 8 pages of documents could be released to plaintiff in their entirety". *Id*. ¶ 16.

Plaintiff claims the IRS failed to provide assessment Form 23C for the 2002 tax year. According to the IRS, paper Form 23C has been computerized as "Summary Record of

2

Assessments" or "RACS-006" and contains the same information previously reported on Form 23C. Mikolashek Decl. ¶ 5. Mikolashek states that she requested and received a copy of the RACS-006 that corresponded with the assessments listed on plaintiff's IMF transcript and provided those records to defense counsel "for release in full to the plaintiff". *Id*. ¶¶ 6-7.

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 258 (1986). Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in dispute. *See id*. The moving party bears the initial burden of establishing that there is no genuine issue of material fact to be decided. *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). With respect to any issue on which the moving party does not bear the burden of proof, it may meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case. *See id*. at 325. Once the movant meets this initial burden, the nonmoving party must demonstrate that there is a genuine unresolved issue for trial. *See* Fed. R. Civ. P. 56(e). A trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *see Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985).

### B. FOIA

"FOIA was enacted to promote honest and open government and to assure the existence

of an informed citizenry to hold the governors accountable to the governed." *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999) (internal quotation marks omitted). "FOIA strongly favors a policy of disclosure and requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act." *National Council of La Raza v. Department of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (citing 5 U.S.C. § 552(a)(3), (b)(1)-(9)).  The Second Circuit has described the procedure for resolving motions for summary judgment in FOIA cases as follows:

> In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden. Affidavits submitted by an agency are accorded a presumption of good faith; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may forgo discovery and award summary judgment on the basis of affidavits.
>
> In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.

*Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (quotation marks and citations omitted).

"When a plaintiff in a FOIA case alleges that the agency in question 'has improperly withheld documents through its failure to locate them, the agency's burden is to establish that it conducted an adequate search that failed to produce the requested records.'" *Garcia v. United States Dep't of Justice*, 181 F.Supp.2d 356, 366 (S.D.N.Y. 2002) (quoting *Katzman v. Freeh*, 926

4

F.Supp. 316, 320 (W.D.N.Y. 1996)). To prevail on a motion for summary judgment, the government must demonstrate that it has conducted a reasonable search for relevant documents thereby fulfilling its obligations under FOIA. *Jones-Edwards v. Appeal Board of Nat'l Sec. Agency*, 352 F.Supp.2d 420, 423 (S.D.N.Y. 2005); see also *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir. 1984) ("[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate")). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search suffice to meet this burden and a district court may award summary judgment based on such declarations and affidavits." *Rabin v. United States Dep't of State*, 980 F.Supp. 116, 120 (E.D.N.Y. 1997) (citing *Carney v. United States Dept. of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)).

### 1.     Form 1040 - 2002 Tax Return

Plaintiff submitted a FOIA request to the IRS for a copy of his "1040A" tax form for the 2002 tax year. Plaintiff contends that the IMF transcript the IRS sent in response to his FOIA request indicates that IRS received a return on July 22, 2004 and posted it on August 9, 2004. *See* Compl. Ex.4. Plaintiff further contends that the records the IRS provided and "Document Locator Numbers" located in those records show that a 1040A form was prepared and exists, and that an assessment was made from that return.

Patricia J. DiDonato, Lead Tax Examining Technician in the Andover Service Center, IRS, states in her declaration that the IRS sent plaintiff a "30 day letter", which was the IRS's final request that he file a return on his own accord reporting the income and self-assessing the tax liability. DiDonato Decl. ¶ 4. DiDonato avers that this letter informs the taxpayer that if a

return is not filed within 30 days, the IRS will assess the taxes on the taxpayer's behalf. *Id*. DiDonato states that the IRS's records indicate that plaintiff did not file a return in response to the 30 day letter. *Id*. ¶ 6. Accordingly, DiDonato states, on July 22, 2004, the IRS entered a request to post a substitute for return into Integrated Data Retrieval System (IDRS), the IRS's computer system for maintaining tax records, and on August 9, 2004, the IRS posted a substitute for return, but did not create an "actual return". *Id*. DiDonato further explains that the "Document Locator Number" plaintiff refers to "is a control/locator code part of which indicates that a proposed Notice of Deficiency (the '30 day letter') was sent to plaintiff. There is no paperwork associated with that DLN because the IRS does not keep copies of 30 day letters inasmuch as no assessment has been made at that time and, therefore, no action has been taken to try to collect taxes that may be owed." *Id*. ¶ 8.

Since the IRS had no document directly responsive to plaintiff's request for a 1040 tax return for the 2002 tax year, it took steps to provide plaintiff with documents "most responsive" to his request. Mikolashek asserts that "[w]hile the IRS has no return signed by the plaintiff, plaintiff's request appears to express his desire for documents establishing his tax liability for tax year 2002". Mikolashek Decl. ¶ 11. Accordingly, Mikolashek states, she obtained 8 pages of documents, including "the 'Tax Calculation Summary' and 'Explanation of Penalties and Interest'", which "show the calculation of the income, deductions, exemptions, penalties, and interest for plaintiff for tax year 2002." *Id*. ¶ 14. Mikolashek asserts that these documents "are the most responsive to a request for a return" and that she sent them to defense counsel to provide to plaintiff. *Id*. ¶¶ 14, 16.

Plaintiff questions the IRS's evidence citing, *inter alia*, 26 C.F.R. § 601.104(a), which

states that "If a taxpayer fails to make a return it may be made for the taxpayer by a district director or other duly authorized officer or employee", for the proposition that the IRS was required to make an actual return and must, therefore, have one in its possession since it posted a substitute for return on his behalf.  There is, however, no indication in the regulations on which plaintiff relies that the IRS must prepare a *paper* 1040A return when it does so on a taxpayer's behalf.  Moreover, in this case, it is undisputed that there is no paper 1040A tax return for the 2002 tax year because plaintiff never filed one and that the IRS generated a "substitute for return" through its "computerized collection system".  Mikolashek Decl. ¶¶ 5, 11.  Thus, the IRS's search for plaintiff's 1040A tax return for the 2002 tax year (a hard copy of which does not exist) and release of the above referenced documents and IMF transcript, which the IRS determined were the most responsive to plaintiff's request, were adequate to satisfy its FOIA obligations.  Accordingly, the IRS is entitled to summary judgment in connection with plaintiff's FOIA request for his 2002 1040A tax return form.

### 2. Form 23C

Plaintiff also requested from the IRS a copy of the assessment Form 23C showing his tax liability for 2002.  Instead of a form 23C, the IRS provided plaintiff with a Summary Record of Assessments ("RACS-006") and a copy of his IMF transcript for the 2002 tax year.  In a declaration Mikolashek explained that the:

> paper Form 23C has been computerized and a paper Form 23C is generated only in very rare instances (i.e. during power failures).  The computerized form, Summary Record of Assessments, 'RACS-006', which replaced Form 23C, is generated from data maintained in the IRS's Revenue Accounting Control System (RACS) and contains the same information previously reported on Form 23C.  The RACS-006 is an automated listing of an entire day's or week's total amount of taxes assessed by a specific service center.  The RACS-006 is listed by date and signed by an authorized assessment officer, but it does not contain data that would identify any individual

7

taxpayer. Because the RACS-006 provides a summary total of all taxes assessed, the amount of an individual taxpayer's assessment is identified by providing to the taxpayer a copy of his Individual Master File (IMF) transcript.

Mikolashek Decl. ¶ 5. On April 3, 2006, Mikolashek obtained a copy of the RACS-006 for April 4, 2005, the date coinciding with the assessments on plaintiff's IMF transcript. *Id.* ¶ 6. Mikolashek states that although the "RACS-006 contains no data that specifically identifies the plaintiff or any other taxpayer . . .", *id.* ¶ 6, "the RACS-006 and the IMF transcript, previously provided to plaintiff, are all of the records considered responsive to plaintiff's request for his record of assessment for tax year 2002." *Id.* ¶ 8.

Plaintiff argues the RACS-006 and IMF transcript do not meet the assessment requirements of "26 C.F.R. 301.6203" and are therefore not responsive to his request for a assessment Form 23C.[1] Courts, however, have rejected plaintiff's argument. In *March v. IRS*, the Tenth Circuit explained that "since RACS Report 006 contains the same information

---

[1]Section 301.6203-1 provides:

The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

26 C.F.R. § 301.6203-1

8

contained on Form 23C and is certified and signed by an assessment officer, RACS Report 006 satisfies the signature and certification requirements of 26 C.F.R. § 301.6203-1." 335 F.3d 1186, 1188-89 (10th Cir. 2003); *see also Ellis v. IRS*, Civ.A. 02-PC-1976, 2003 WL 23334515, at *3 (D.Colo. Dec. 29, 2003) (rejecting the plaintiff's argument that the "RACS Report-006 and IMF Transcripts do not constitute a proper summary record of assessment") (citing *Perez v. United States*, 2001 WL 1836185 at *3, 2002-1 U.S.T.C. P 50,259 (W.D.Tex. 2001), *Parenti v. IRS*, 2003 WL 1548550 at *2, 2003-1 U.S.T.C. P 50,282 (W.D.Wash. 2003)). Thus, the undisputed facts demonstrate that the IRS conducted a reasonable search for the assessment Form 23C plaintiff requested and provided plaintiff with all documents responsive to his request. Accordingly, the IRS is entitled to summary judgment on this claim.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's motion for summary judgment is **DENIED**; and it is further

**ORDERED** that the Internal Revenue Service's motion for summary judgment is **GRANTED;** and it is further

**ORDERED** that the complaint is dismissed.

**IT IS SO ORDERED.**

Dated: September 20, 2007

_____
Norman A. Mordue
Chief United States District Court Judge

9